## SARGENT *versus* ROBERTS.

A right of entry is made by statute a sufficient seizin upon which to maintain a writ of entry.

An unsealed agreement by a doweress, (after having recovered judgment for her dower,) made with the warrantor of the judgment-tenant, that she would receive a specified sum yearly during life, in lieu of dower will not, after a neglect of payment, bar her right to receive possession by writ of entry.

Such an agreement is not to be viewed as a lease of the land, nor as a release of dower.

It creates no privity of estate betwixt her and the warrantee.

It reserves to her the right of rescinding when the payments fail.

Unless there be such a rescission, her right to recover mesne profits in a writ of entry does not arise.

ON FACTS AGREED.

WRIT OF ENTRY, claiming *mesne profits.*

In 1839, the demandant recovered judgment for dower against the tenant, who had purchased the whole lot by warranty deed from William Bruce. The judgment was founded upon an award of referees, under a rule of Court.

In 1840, after the judgment, the demandant and Bruce entered into an unsealed contract, by which Bruce agreed to pay her, in lieu of dower, $25 a year during her life; and she agreed to accept of that sum annually in full of her claim for dower. Bruce died insolvent about the year 1841. Since his insolvency was declared, nothing has been paid to the demandant upon the contract.

*A. W. Paine,* for the demandant.

*Peters,* for the tenant.

We submit that the demandant's remedy, if any, is by *scire facias,* and not by writ of entry. R. S. chap. 115, sect. 106 ; *Kennebec Purchase* v. *Davis,* 1 Greenl. 309. We respectfully call attention to the irregularities, in the former suit, submission and judgment.

Claiming by deed from Bruce, we were rightfully in possession under the demandant's contract with him, and this suit cannot be maintained, except on proof of a notice to quit; or of an entry and demand of possession, or until we had done some act of hostility toward the proprietor. Her contract was a license that we, under Bruce, should be undisturbed. Its intent and import were that she would rely on Bruce's agreement to pay, and would allow Roberts to remain in possession without payment of rent.

By simply remaining in possession, Roberts was not a disseizor or a wrongdoer. Yet this writ of entry charges him as a disseizor. He was but a tenant at will, without liability to pay rent, till notice.

So if he was but a tenant at sufferance, notice must be

given or an entry made before suit. 2 Black. Com. 150; 4 Kent's Com. 117.

Or, if the contract with Bruce was but a letting from year to year, the tenant was entitled to notice to quit. R. S. chap. 95, sect. 19; 21 Maine, 114; 24 Maine, 242.

The holding over, after failure of Bruce to pay rent, was a tenancy at will. R. S. chap. 91, § 30; *Mosher* v. *Reding*, 3 Fairf. 478; 2 S. & R. 49; 10 Johns. 335; 3 Johns. 332; 1 B. & C. 448; Comyn, 291; 13 East, 210. We suggest too that the contract with Bruce was an accord and satisfaction; or that it was a lease for her lifetime, giving to her the right to sue for rent, and to us the right to hold possession. The suit perhaps would lie against Roberts by privity of estate, unless he disaffirmed.

The counsel also argued to show that, if the action be sustainable, the demandant has no right to recover for *mesne profits*.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The title of the demandant rests upon a judgment rendered in an action of dower between these parties. Whether perfectly formal or not, that judgment will be operative until reversed.

An actual possession of her dower at any time is not required to enable the demandant to maintain her action. Proof of title and of a right of entry are made sufficient proof of seizin by the provisions of statute chap. 145, sect. 6.

The contract made between the demandant and William Bruce cannot, under the circumstances proved, operate as a bar to the action. It does not appear to have been the intention of the parties to it to have a conveyance of the dower made. If such had been their intention, it could not have been carried into effect by their contract without a seal.

Nor does their contract appear to have been intended to operate as a lease of the premises. Neither party expected that Bruce was to occupy them either personally or by the

tenant as his assignee; or that the relation of landlord and tenant should exist between them. No claim respecting repairs, taxes, or good husbandry, could be made by either of these persons upon another. No notice to quit was therefore required.

The sum agreed was to be paid " in lieu of dower," and it was to be accepted " in full of her claim for dower." The instrument amounts to an agreement on her part to forbear during life further to enforce her right to dower, upon condition, that Bruce would pay to her annually twenty-five dollars. The failure to perform that condition left her at liberty to avoid it.

The *tenant* did not become responsible, that Bruce should make the annual payments, and the demandant might not be able to recover them of him in any form of action. It is not perceived, that there has been any privity of contract or of estate between them. The demandant cannot insist, that the tenant was an unlawful occupant, while he occupied by virtue of her contract with Bruce, that he should not be disturbed. That agreement must be considered as subsisting, until the demandant, in some form, made known her election to avoid it on account of the neglect of the other party to perform. No other evidence of such election is presented than the commencement of the suit. The demandant will not be entitled to recover for *mesne profits* before that time.

If her *title* to the estate had been dependent upon her election to take advantage of a neglect to perform the condition, the action could not have been maintained without proof of an entry for breach of condition before its commencement; but her *right of occupation* only was dependent upon it.

*Defendant defaulted.*